UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) )   No.   4:21CR654 SEP/NAB |
| LINDA MATSON, | ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
<u>REQUEST FOR RELEASE PENDING APPEAL</u>**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri and Tracy Lynn Berry, Assistant United States Attorney for said district, and requests that Defendant's motion for release pending appeal be denied as Defendant has not raised a substantial question of law or fact.

Defendant has been ordered to surrender to authorities at Alderson Federal Prison Camp in Alderson, West Virginia on March 23, 2023.

**BACKGROUND**

On August 15, 2022, Defendant knowingly entered a plea agreement to a superseding information. R. Doc. 53. Although the parties disagreed as to the applicability of some of the sentencing enhancements, the parties agreed to waive their appellate rights with limited exceptions. The plea agreement contained the following waiver:

1

The parties disagree as to Sections 2B 1.1 (b )(1 )(H), 2B1.l(b)(2)(A)(iii), 2B1.l(b)(l0)(A), and 3Cl.1 , and will litigate those issues at sentencing. The parties agree to abide by the district court's determination of that issue, and specifically waive their rights to appeal the district court's ruling resulting in the calculation of the Total Offense Level. ***In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the corresponding range, then, as a part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category.*** Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

R. Doc. 53, 7 (emphasis added).

This Honorable Court considered Defendant's objections to enhancements imposed pursuant to Sections 2B1.1(b)(1)(H), 2B1.l(b)(2)(A)(iii), 2B1.l(b)(l0)(A), and 3Cl.1 during the sentencing hearing conducted on February 16, 2023. After considering the arguments of the parties, this Court imposed the enhancements sought by the United States to the amount of loss, the substantial financial hardship caused to the victim, and the relocation of the scheme to another jurisdiction to evade law enforcement officials.  The findings resulted in a determination that the total offense level was 22 with a criminal history category I for a guideline range of 41 to 51 months incarceration. Sentencing TR. 81. Rather than impose a guideline sentence, this Honorable Court found that a downward variance to a term of 24 months incarceration was sufficient, but not greater than necessary, to serve the sentencing objectives. Sentencing TR. 111.

2

Despite the waiver and the downward variance granted by the Court, on March 2, 2023, Defendant filed a notice of appeal advising that she was challenging this Court's application of the sentencing guidelines. R. Doc. 96, 2.

Because Defendant waived her right to appeal "the district court's ruling resulting in the calculation of the Total Offense Level," the Government opposes Defendant's motion for release pending appeal on the ground that she has not raised a substantial question of law or fact.

## LEGAL STANDARD

The standard for bond pending appeal is exacting. A defendant must be detained unless he can overcome the presumption that his conviction is correct. Pursuant to 18 U.S.C. § 3143, the district court must detain a defendant pending appeal unless the court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal.

18 U.S.C. § 3143(b)(1).

At the outset, the Government does not contend that Defendant is likely to flee or pose a danger to the community if released. However, a similar finding cannot be reached when considering whether Defendant's appeal will present a substantial question of law or fact pursuant

3

to § 3143(b)(1)(B). In asking this Court to allow her to remain on bond pending appeal and requesting that the Court of Appeals of the Eighth Circuit to overturn this Court's judgment based upon a 1998 decision, Defendant fails to address her waiver to appeal all sentencing issues when a sentence with-in, or below, the guideline range is imposed. R. Doc. 53, 7.

## ARGUMENT

There is no "substantial question" that is likely to lead to the vacation of Defendant's sentence because of her waiver of her appellate rights. "As a general rule, a defendant is allowed to waive appellate rights" when the appellate issue falls within the scope of the waiver, and the waiver and plea agreement were entered knowingly and voluntarily. United States v. D.B., ___ F.4th ___, 2023 WL 2360843, *3-4 (March 6, 2023).

### 1. **Defendant's appellate waiver was knowing and voluntary.**

When Defendant entered her guilty plea on August 15, 2022, this Court affirmed her understanding of every aspect of the plea agreement. Plea TR. 3, 10-46. Before delving into the details of the plea, Defendant averred that she read the plea agreement and discussed it with her attorney. Plea TR. 11-12. Defendant also advised this Court that she understood everything that was in the document, that the agreement contained all the promises that had been made to her, and that she had not been threatened or pressured into pleading guilty. Plea TR. 12-13.

Consequently, this Court's compliance with Rule 11(b) of the Federal Rules of Criminal Procedure presents strong evidence in favor of enforcement of the waiver. United States v. Dewberry, 936 F.3d 803, 807 (8th Cir. 2019). By going over the plea terms and questioning

Defendant to ensure the plea was voluntary and that it did not result from force, threats, or coercion, this Court ensured that Defendant knowingly and voluntarily waived her appellate rights. Id.

The Government also notes that enforcement of the appellate waiver will not result in a miscarriage of justice. "The 'miscarriage of justice' exception 'is a narrow one,' and ordinarily applies to prevent an appeal waiver from barring an appeal of 'an illegal sentence, a sentence in violation of the terms of an agreement, [or] a claim asserting ineffective assistance of counsel.'" United States v. D.B., 2023 WL 2360843, *4 (quoting United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) and United States v. Griffin, 668 F.3d 987, 990 (8th Cir. 2012)). Significantly, the Eighth Circuit Court of Appeals maintains restrictions on the exception to ensure that it "will not be allowed to swallow the general rule that waivers of appellate rights are valid." United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003). Because the below-guideline sentence imposed by this Court fell within the scope of the plea agreement, Defendant cannot evade the appellate waiver by applying the miscarriage of justice exception.

**2. Defendant's appellate waiver forecloses her claim that the issue she seeks to raise on appeal presents a substantial question of fact or law.**

In light of Defendant's knowing and voluntarily waiver, Defendant's appeal of this Court's application of the sentencing guidelines does not present a substantial question of fact or law. R. Doc. 96, 2. It is well-established that "[a]n enforceable waiver prevents [a defendant] from showing [her] appeal presents a 'substantial question' under § 3143." United States v. Mason, 2022 WL 787923, at *1 (E.D. Cal. Mar. 15, 2022) (Mason's waiver of his right to challenge any aspect of his guilty plea, conviction, or sentence precluded his ability to seek relief pursuant to § 3143(b)); United States v. Lisi, 2020 WL 417791, at *1-2 (S.D.N.Y. Jan. 27, 2020) (Lisi's

5

appellate waiver of any sentence within or below the applicable guideline range foreclosed any claim regarding the existence of a substantial question of law or fact); United States v. Busseman, 2017 WL 2422853, at *2 (D. Colo. June 5, 2017) (A waiver that appears to bar an appeal on any grounds is not likely to result in reversal, a new trial, a non-custodial sentence, or a reduction of sentence"); United States v. Cathey, 2012 WL 1795834, at *2 (E.D. Mich. May 17, 2012) (Against the backdrop of an appellate waiver prohibiting an appeal of Cathey's conviction or sentence, Cathey's appeal does not raise a substantial question of law or fact such that release during the pendency of the appeal would be warranted under § 3143(b)).

In similar circumstances, the District Court for the Eastern District of Michigan found that a defendant's motion for release pending appeal pursuant to § 3143 is more for purpose of delay because he waived his right to appeal. United States v. Christopher Robert Garten, 2015 WL 3814534, at *3 (S.D. Ill. June 18, 2015). The defendant in Garten agreed to the following waiver:

> [T]he Defendant knowingly and voluntarily waives the right to contest any aspect of this conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

Id. at *2. Because the defendant failed to cite any reasonable basis for the Appellate Court to dishonor or strike his appellate waiver, the Garten Court determined that his sole basis for appeal was a delay tactic so he could remain on bond rather than because he sought to raise a substantial question of law or fact. Id. at *3.

6

Similarly, Defendant raises her appellate claim solely to delay her surrender because she knowingly and voluntarily waived her right to challenge this Court's applicability of the sentencing guidelines before the appellate court. Evidence of Defendant's intent to delay is readily apparent because the waiver Defendant entered was more detailed than that addressed in Garten. In the case at bar, the parties agreed to abide by this Court's determination of the contested issues, "and specifically waive[d] their rights to appeal the district court's ruling resulting in the calculation of the Total Offense Level." R. Doc. 53, 7. By ignoring the unambiguous waiver of her appellate rights, "[Defendant's] appeal is clearly more for purposes of delay than to raise a substantial question of law or fact." United States v. Christopher Robert Garten, 2015 WL 3814534, at *3.

Accordingly, Defendant's motion for release pending appeal should be denied as she fails to demonstrate that the appeal is not for the purpose of delay, and has not raised a substantial question of law or fact likely to result in a reversal of the below-guideline 24-month sentence imposed by this Court.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

s/ Tracy Lynn Berry
TRACY LYNN BERRY #014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## **CERTIFICATE OF SERVICE**

    I, TRACY L. BERRY, Assistant United States Attorney for the Eastern District of Missouri, hereby certify that a copy of the foregoing pleading has been sent through the court's electronic case filing system to counsel for the defendant this the 15th day of March 2023.

                                             s/ Tracy L. Berry
                                             TRACY L. BERRY
                                             Assistant United States Attorney