UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:21-CR-00654-SEP |
| vs. ) | |
| ) | |
| **LINDA MATSON**, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT REPLY IN SUPPORT OF
MOTION TO REMAIN ON BOND PENDING APPEAL**

COMES NOW Defendant Linda Matson, by and through her counsel, Luke A. Baumstark, of the Baumstark Firm, LLC, and, for her Reply in Support of Motion for Release Pending Appeal, states:

Introduction:
The Waiver Contained in the Guilty Plea Agreement was Conditional and/or Ambiguous

The Government's Response to Defendant's Motion for Release Pending Appeal is premised on a misreading of the Guilty Plea Agreement. Defendant agreed to waive her appeal rights only in the event that the Court sentenced her after determining the "*appropriate* Total Offense Level." R. Doc. 53, 7. (Emphasis added.) This was a conditional waiver. As Defendant has demonstrated in her Motion for Release Pending Appeal, the condition that would have activated the waiver was never met, as Defendant was not sentenced using the appropriate Total Offense Level. Therefore, Defendant never waived her appellate rights. Even if one were to conclude otherwise, the language contained in paragraph 7(a)(2) of the Guilty Plea Agreement is ambiguous and must therefore be construed against the Government and in favor of Defendant having preserved her appellate rights.

1

Argument:
Defendant was Not Sentenced Using the Appropriate Total Offense Level

*United States v. O'Kane,* 155 F.3d 969 (8th Cir. 1998) establishes that, even where two counts[1] have Total Offense Levels with the *potential* to be "determined largely on the basis of the total amount of harm or loss," it remains improper to group these counts if the offense levels for each offense are not *actually* so determined. *Id.* at 974. In other words, the mere possibility that two counts *could* have Total Offense Levels driven by the amount of loss is not enough to justify grouping them together. The Total Offense Level for both offenses must actually be determined primarily by the amount of harm or loss before two counts can be grouped. Defendant's case is like *O'Kane,* wherein the Eighth Circuit found that two counts could not be grouped where the Total Offense Level for one of them was determined primarily by its Base Offense Level, rather than by the total amount of loss. *Id.*

Defendant pled guilty to Making a False Statement, a crime which did not cause any loss. The money that was the subject of the false statement was *reimbursed* to a victim of the relevant mail fraud scheme, rather than being fed into it. *See* Final Presentence Investigation Report, Doc. 83, ¶ 23. Accordingly, the appropriate Total Offense Level for Defendant's count of Making a False Statement, considered by itself, is four. This number is reached by taking the Base Offense Level of six as provided by § 2B1.1 of the United States Sentencing Guidelines and reducing it by two points for Defendant's acceptance of responsibility under § 3E1.1. All four of the points remaining in the Total Offense Level for this count are derived from the Base Offense Level, not from total amount of harm or loss. It would be impossible to say that the Total Offense Level for this count was determined by the amount of harm or loss *at all*, much

---

[1] Though there were not two counts in this case, this is the verbiage use in § 3D1.2 of the United States Sentencing Guidelines. For purposes of determining relevant conduct as related to uncharged acts, it is perhaps appropriate to think of "counts" also as "offenses."

2

less "largely" so. Pursuant to *O'Kane*, this rules out grouping this count with the uncharged conspiracy allegations[2] under § 3D1.2.

Since *O'Kane* prevents Defendant's count of Making a False Statement from being grouped with the conspiracy allegations, there is no basis for considering the latter as relevant conduct under § 1B1.3. Because the conspiracy allegations cannot be considered relevant conduct, any harm or loss caused by them should not have been factored into Defendant's Total Offense Level. As discussed above, without any enhancement for total amount of loss, the appropriate Total Offense Level for Defendant's lone count of conviction is four. Defendant's sentence was reached using a Total Offense Level of 22. *See*, Doc. 92, p. 1. She was therefore not sentenced using the appropriate Total Offense Level. As a result, any waiver of Defendant's appellate rights as to sentencing issues rooted in paragraph 7(a)(2) of the Guilty Plea Agreement is rendered a nullity.

Ambiguities are to be Construed Against the Government

Even if the Court were to disagree with the analysis set out above, it is clear that there exists, at the minimum, an ambiguity in the language of paragraph 7(a)(2) of Defendant's Guilty Plea Agreement. In *United States v. Binkholder,* 832 F.3d 923 (8th Cir. 2016), the Eighth Circuit stated "the government has the burden to establish that a given appeal is 'clearly and unambiguously' within the scope of an appeal waiver" before such a waiver would be enforced. *Id.* at 926, *citing United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007). The *Binkholder* Court cited *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) for the proposition that "plea agreements will be strictly construed and any ambiguities in these agreements will be read

---

[2] Defendant uses the term "allegations" only to denote a disagreement as to whether her actions constitute participating in a conspiracy to commit mail fraud. The extent to which she agrees or disagrees with the facts as presented in the Presentence Investigation Report is established by her objections thereto and the record at her sentencing. Nothing in this Reply should be read as attempting to alter that.

against the Government and in favor of a defendant's appellate rights." In *Andis*, this Court explained that "interpreting plea agreements in this manner reflects the fact that these agreements are normally drafted by the Government and involve significant rights of a defendant." *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). In other words, here, as in other areas of contract law, ambiguities are construed against the drafter - which is normally the Government.

On its face, Defendant's Guilty Plea Agreement preserved her right to appeal sentencing issues in the event that the Court sentenced her using a Total Offense Level other than the appropriate one. R. Doc. 53 at ¶ 7(a)(2). As established by *O'Kane*, that is what happened here. Accordingly, this Court must do as the Eighth Circuit did in *Binkholder*, and find that Defendant's appeal cannot be barred based on any waiver of rights as to sentencing issues.

To the extent that there may linger any doubt as to whether the waiver contained in paragraph 7(a)(2) of Defendant's Guilty Plea Agreement retains force after reviewing both the Agreement itself and *O'Kane*, it is certainly not enough to eradicate all ambiguity. Should there be such a doubt, any related ambiguities must be read against the Government pursuant to *Binkholder* and *Andis*, and in favor of Defendant having preserved her right to appeal sentencing issues.

## Conclusion

The waiver of appellate rights in Defendant's Guilty Plea Agreement is conditional and/or ambiguous. Because the condition required to activate it was never met, Defendant did not waive her rights. Having established that Defendant has preserved her appellate rights, it remains just and appropriate for this Court to allow Defendant to remain on release pending her appeal for the reasons stated in her Motion for Release Pending Appeal.

WHEREFORE Defendant Linda Matson respectfully requests that this Court enter an Order allowing her to remain on bond pending her appeal, suspending her obligation to report to the Bureau of Prisons pending the Court's consideration of this Motion and providing such other and further relief as in appropriate under the circumstances.

        Respectfully submitted,

        */s/ Luke A. Baumstark*
        Luke A. Baumstark  #56344
        THE BAUMSTARK FIRM, LLC
        815 Geyer Avenue
        St. Louis, MO  63104
        (314) 492-6290
        (314) 492-6348 FAX
        luke@baumstarkfirm.com

        ***Attorney for Defendant***
        ***Linda Matson***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 17th day of March, 2023, this document was filed with the court via the CM/ECF system which will send notice to all parties of record.

        */s/ Luke A. Baumstark*