UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No.  4:21CR654 SEP/NAB |
| LINDA MATSON, | ) ) |
| Defendant. | ) |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO**
**DEFENDANT'S REQUEST FOR RELEASE PENDING APPEAL**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri and Tracy Lynn Berry, Assistant United States Attorney for said district, and requests that Defendant's motion for release pending appeal be denied as Defendant has not raised a substantial question of law or fact.

**BACKGROUND**

On August 15, 2022, Defendant knowingly entered a plea agreement to a superseding information. R. Doc. 53. The plea agreement contained the following waiver:

The parties disagree as to Sections 2B 1.1 (b )(1 )(H), 2B1.l(b)(2)(A)(iii), 2B1.l(b)(l0)(A), and 3Cl.1 , and will litigate those issues at sentencing. The parties agree to abide by the district court's determination of that issue, and specifically waive their rights to appeal the district court's ruling resulting in the calculation of the Total Offense Level. ***In the event the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or below the corresponding range, then, as a part of this agreement, the***

1

> ***defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category.*** Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, and after determining the appropriate Total Offense Level, sentences the defendant within or above the corresponding range.

R. Doc. 53, 7 (emphasis added).

The Court conducted an extensive colloquy to determine if Defendant understood every aspect of the stipulation, and was entering her guilty plea freely and voluntarily. Plea TR. 10-48. As a result of Defendant's responses, the Court ruled:

> I find in the case of the United States versus Linda Matson that Ms. Matson is fully competent and capable of entering an informed plea, that Ms. Matson is aware of the nature of the charges and of the consequences of her plea, and that the plea of guilty is knowing and voluntary, made willingly and intelligently and supported by an independent factual basis containing each of the essential elements of the offense.

Plea TR. 48.

On November 7, 2022, Defendant filed objections to the presentence investigation report. R. Doc. 63. Her objections claimed the presentence investigation report author improperly applied U.S.S.G. §§ 1B1.3 and 3D1.2(d) in determining relevant conduct. R. Doc. 63, 1-4. In doing so, Defendant neglected to provide any supporting case authority, and instead recited the guideline sections. R. Doc. 63, 1-4.

When the sentencing hearing was continued from November 16, 2022 to January 5, 2023, this Court instructed counsel for the Government and the defendant to provide legal authority

supporting their positions. It also issued a written order wherein the parties were required to "set out [any] objections with specificity and explicitly state whether [the] objection [was] legal or factual." R. Doc. 80. In response to the Court's order, Defendant filed an objection on December 7, 2022 citing to United States v. Campbell-Martin, 17 F.4th 807 (8th Cir. 2021), United States v. Griffith, 115 F.Supp. 3d 726 (S.D. W. Va. 2015), United States v. Blanc, 146 F.3d 847 (11th Cir. 1998), United States v. Sykes, 7 F.3d 1331 (7th Cir. 1993), United States v. Mullins, 971 F.2d 1138, 1143 (4th Cir. 1992), United States v. Matheny, 42 F.4th 837 (8th Cir. 2022), and United States v. Reynolds, 432 F.3d 821 (8th Cir. 2005). R. Doc. 82, 4-9.

At no time did Defendant present United States v. O'Kane, 155 F.3d 969 (8th Cir. 1998) for the Court's consideration.

Consequently, this Court relied upon the evidence and legal authority presented by the parties during the sentencing process in issuing its ruling on Defendant's objections.

**ARGUMENT**

As noted in the Government's original pleading, Defendant must meet the rigorous requirements of § 3143(b)(1), which provides, in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; and,
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>   (i) reversal,
>   (ii) an order for a new trial,
>   (iii) a sentence that does not include a term of imprisonment, or

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

Defendant, however, bears the burden of meeting these requirements. <u>United States v. Powell</u>, 761 F.2d 1227, 1232 (8th Cir. 1985). Indeed, as the Eighth Circuit has explained,

> The Bail Reform Act of 1984 made it much more difficult for a convicted criminal defendant to obtain his release pending appeal. The Act's intent "was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." For crimes of the type committed by Marshall, release pending appeal now requires that the district court or this court find (A) by clear and convincing evidence that the defendant is unlikely to flee or pose a danger to others, *and* (B) that his appeal "raises a substantial question of law or fact" that is likely to result in reversal, new trial, or reduction to a sentence that would be served before disposition of the appeal.

<u>United States v. Marshall</u>, 78 F.3d 365, 366 (8th Cir. 1996) (internal citations omitted). "[A] defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way." <u>United States v. Powell</u>, 761 F.2d at 1233–34 (8th Cir. 1985).

According to Defendant, she is seeking to reverse this Court's judgment on the grounds that, pursuant to <u>United States v. O'Kane</u>, 155 F.3d 969, it erred in grouping the offense of conviction with the dismissed conduct when determining relevant conduct. R. Doc. 106, 3-4. Based upon the relevant case authority and the facts and circumstances of the case at bar, Defendant cannot meet her burden of showing that the issue is substantial because (1) Defendant knowingly and voluntarily waived her right to appeal, (2) the appellate court will not consider

4

matters that fall within the scope of issues considered by the district court when the matters have not been raised below, and, (3) the holding of O'Kane is inapplicable to the case at bar.

In light of Defendant's inability to meet her burden, the Government requests that her motion for release pending appeal be denied, and that this Court order Defendant to report to the Bureau of Prisons as designated.

1. Defendant's knowing and voluntary waiver of her appellate rights forecloses her claim that the basis of her appeal presents a substantial question of fact or law.

Defendant does not appear to dispute that she waived her right to appeal the Court's determination of the Total Offense Level as long as she was sentenced with-in or below the applicable guideline range. R. Doc. 53, 7. This Court's downward variance to a 24-month sentence places this case within the scope of Defendant's appellate waiver.

In addition, the waiver is enforceable due to the Court's compliance with Rule 11(b) of the Federal Rules of Criminal Procedure. United States v. Dewberry, 936 F.3d 803, 807 (8th Cir. 2019). Nor will enforcement result in a miscarriage of justice. United States v. D.B., 2023 WL 2360843, *4 (quoting United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) and United States v. Griffin, 668 F.3d 987, 990 (8th Cir. 2012)); United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003). Under these circumstances, "[the] enforceable waiver prevents [a defendant] from showing [her] appeal presents a 'substantial question' under § 3143." United States v. Mason, 2022 WL 787923, at *1 (E.D. Cal. Mar. 15, 2022) (Mason's waiver of his right to challenge any aspect of his guilty plea, conviction, or sentence precluded his ability to seek relief pursuant to § 3143(b)); United States v. Lisi, 2020 WL 417791, at *1-2 (S.D.N.Y. Jan. 27, 2020) (Lisi's appellate waiver of any sentence

within or below the applicable guideline range foreclosed any claim regarding the existence of a substantial question of law or fact); United States v. Busseman, 2017 WL 2422853, at *2 (D. Colo. June 5, 2017) (A waiver that appears to bar an appeal on any grounds is not likely to result in reversal, a new trial, a non-custodial sentence, or a reduction of sentence"); United States v. Cathey, 2012 WL 1795834, at *2 (E.D. Mich. May 17, 2012) (Against the backdrop of an appellate waiver prohibiting an appeal of Cathey's conviction or sentence, Cathey's appeal does not raise a substantial question of law or fact such that release during the pendency of the appeal would be warranted under § 3143(b)).

Defendant's filing of an appeal, despite the valid waiver, clearly demonstrates that her motion for release pending appeal pursuant to § 3143 is more for purpose of delay than to present a substantial issue of fact or law to the appellate court. United States v. Christopher Robert Garten, 2015 WL 3814534, at *3 (S.D. Ill. June 18, 2015) (The basis for appeal was a tactic to delay his reporting to the Bureau of Prisons because he failed to cite any reasonable basis for the Appellate Court to dishonor or strike his appellate waiver.

2. <u>Absent exceptional circumstances, the appellate court will not consider issues not raised in the district court.</u>

Issues to be considered on appeal must be presented to the district court first because "district courts cannot be expected to consider matters that the parties have not expressly called to their attention, even when such matters arguably are within the scope of the issues that the parties have raised." Public Water Supply District No. 3 of Laclede County, Missouri v. City of Lebanon, 605 F.3d 511, 524 (8th Cir. 2010) (quoting Shanklin v. Fitzgerald, 397 F.3d 596, 601 (8th Cir.

2005); See also, Morrow v. Greyhound Lines, Inc., 541 F.2d 713, 724 (8th Cir. 1976) ("It is old and well-settled law that issued not raised in the trial court cannot be considered by this court as a basis for reversal.") According to the Court of Appeals for the Eighth Circuit:

> The rationale for the rule is twofold. First, the record on appeal generally would not contain the findings necessary to an evaluation of the validity of an appellant's arguments. Second, there is an inherent injustice in allowing an appellant to raise an issue for the first time on appeal. A litigant should not be surprised on appeal by a final decision there of issues upon which they had no opportunity to introduce evidence. A contrary rule could encourage a party to "sandbag" at the district court level, only then to play his "ace in the hole" before the appellate court.

Von Kerssenbrock–Praschma v. Saunders, 121 F.3d 373, 376 (8th Cir.1997) (quoting Stafford v. Ford Motor Co., 790 F.2d 702, 706 (8th Cir.1986)).

The Court of Appeals for the Ninth Circuit considered the issue in relation to the denial of a motion to suppress. United States v. Flores-Montano, 424 F.3d 1044 (9th Cir. 2005). Although the defendant sought to suppress the search of his vehicle, on appeal, he presented a new argument that had not been presented to the district court. Id. at 1046-1047. Normally, issues not raised in the district court are deemed waived. Id. at 1047. The three narrow exceptions to the general rule occur if, any of the following occur:

> (1) There are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. Further exception may be made when plain error has occurred and an injustice might otherwise result.

Id.

Defendant will be unable to succeed on appeal based upon the presentation of a 35 year old case because there are no exceptional circumstances justifying not presenting the case to this Court. Nor this is a 35 year old case, not a new case that changes the law. Finally, the issue Defendant presents is not purely one of law, and the Government will suffer prejudice if defendants are permitted to sandbag the Court and the Government in this way.

"[W]hen a party clearly chooses a particular [trial strategy], it will be respected and generally not further reviewed. Not only does this approach respect the adversarial system, in which the parties choose their arguments, but it also promotes finality. It encourages parties to present all relevant arguments to the trial court and binds them to their strategic choices." United States v. James, 955 F.3d 336, 345 (3d Cir. 2020).

3. Defendant failed to present United States v. O'Kane in support of her objection during the sentencing hearing because of its inapplicability to the case at bar.

Defendant seeks to present United States v. O'Kane, 155 F.3d 969, for the proposition that the Court erred in grouping the offense of conviction with the previously charged criminal conduct. Defendant is incorrect. The Court did not err, and the case authority does not apply under the facts of this case.

First, the O'Kane trial court grouped the money laundering and mail fraud counts together under § 3D1.2(b) after determining that the two counts involved the same victim and was connected by a common criminal objective. United States v. O'Kane, 155 F.3d at 971. The appellate court rejected that approach finding that the same person or entity was not the victim of

the two offenses. Id. at 972. Of significance to this Court's determination is that it did not utilize § 3D1.2(b) in its analysis.

Second, in O'Kane, the appellate court noted that the mail fraud and money laundering counts are not so closely related as to allow loss grouping under the section. Id. at 973. This stems from the fact that mail fraud is governed by § 2B1.1 and money laundering is governed by § 2S1.1. When multiple counts covered by different guidelines are grouped under (d), it is not clear that counts of those separate offenses "necessarily 'otherwise meet the criteria for grouping under subsection [d].'" Id. at 973-974 (quoting U.S.S.G. § 3D1.2).

Such is not the situation in the case at bar. The offenses grouped by this Court fell within § 2B1.1.

Because the facts underlying the case at bar differ substantially from those before the O'Kane Court, the case lacks the precedential value claimed by Defendant

## CONCLUSION

Accordingly, Defendant's motion for release pending appeal should be denied as she has not met her burden of demonstrating that the appeal is not for the purpose of delay, and has not raised a substantial question of law or fact likely to result in a reversal of the below-guideline 24-month sentence imposed by this Court.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

s/ Tracy Lynn Berry
TRACY LYNN BERRY #014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

I, TRACY L. BERRY, Assistant United States Attorney for the Eastern District of Missouri, hereby certify that a copy of the foregoing pleading has been sent through the court's electronic case filing system to counsel for the defendant this the 17th day of March 2023.

s/ Tracy L. Berry
TRACY L. BERRY
Assistant United States Attorney